IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY SCOTT MARKS, | * | |
| # 13963-003, | * | |
| | * | |
| Petitioner, | * | |
| | * | CRIMINAL NO. 14-00054-CG-B |
| vs. | * | CIVIL ACTION NO. 19-00055-CG-B |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Jeffery Scott Marks's[1] Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 400, 403). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings, and is now ready for consideration.[2] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is

---

[1] In his § 2255 motion, Petitioner spells his first name "*Jeffrey*" (see Docs. 400, 403); however, in the indictment and judgment, his name is listed as "*Jeffery* Scott Marks." (See Docs. 1, 174). Petitioner has also apparently used the alias Jeffrey Mark. (See Doc. 139 at 3).

[2] The Honorable Senior United States District Judge Callie V.S. Granade presided over the proceedings in this action. The undersigned has reviewed Marks's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Senior Judge Granade.

necessary for the disposition of this matter.[3]  Upon consideration, the undersigned hereby recommends that Marks's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DISMISSED with prejudice** as time-barred, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Jeffery Scott Marks.   The undersigned further recommends that in the event Marks requests a certificate of appealability and seeks to appeal *in forma pauperis,* said requests be **DENIED**.

I.   **BACKGROUND**

Marks was indicted on charges of conspiracy to possess with intent to distribute methamphetamine (Count One); possession with intent to distribute methamphetamine (Counts Four and Six); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Seven).  (Doc. 1).  He entered a plea of guilty to Counts One and Seven of the indictment, pursuant to a written plea agreement.  (Docs. 87, 88, 232).  In February 2015, the court sentenced Marks to a total prison term of 260 months, consisting of 200 months as to Count One and sixty

---

[3] A district court is not required to hold an evidentiary hearing on patently frivolous claims, claims that are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record.   Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

months as to Count Seven, to run consecutively.  (Doc. 174 at 2; Doc. 233 at 8).

On February 27, 2015, Marks's counsel filed a notice of appeal on his behalf, and his appointed appellate counsel later filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw from further representation.  (See Docs. 178, 338 at 2).  On November 19, 2015, the Eleventh Circuit found that an independent review of the record revealed no arguable issues of merit on appeal, granted counsel's motion to withdraw, and affirmed Marks's convictions and sentences.  (Id.).  The opinion was issued as the mandate of the court on December 18, 2015.  (Doc. 343). Marks did not petition the United States Supreme Court for a writ of certiorari.

On February 3, 2019,[4] Marks filed a *pro se* motion seeking post-conviction relief under 28 U.S.C. § 2255.  (Doc. 400).  The undersigned ordered Marks to re-file his § 2255 motion on the habeas form required by this Court.  (Doc. 401).  Accordingly, Marks re-filed his motion using the Court's required form on February 20, 2019.  (Doc. 403).

---

[4] Under the mailbox rule, "a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing."  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).  Absent evidence to the contrary, the date of delivery is assumed to be the date the prisoner signed the motion.  Id.; (see Doc. 400 at 10).

In Marks's operative § 2255 motion, he argues that his conviction and sentence for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) is unconstitutional in light of the United States Supreme Court's rulings in <u>Johnson v. United States</u>, 576 U.S. 591 (2015), and <u>Sessions v. Dimaya</u>, 138 S. Ct 1204 (2018).[5] (<u>See</u> Doc. 403 at 4, 10, 12). Specifically, Marks avers that "the definitions in" § 924(c) "are unconstitutionally vague" in light of the Supreme Court rulings in <u>Johnson</u> and <u>Diamaya</u>, and as a result, his conviction and sentence under the statute are "unconstitutional." (<u>Id.</u> at 4). The Government, in its response, contends that Marks's motion is barred by the statute of limitations and is frivolous. (Doc.

---

[5] In his original motion, Marks also argued that there was insufficient evidence to support a § 924(c) conviction because the firearm that formed the basis for the charge "was never proven to be in his possession" and "was not there in relation to the drugs." (<u>See</u> Doc. 400 at 4, 8). Additionally, he asserted that the "indictment did not properly allege the firearm offense." (<u>Id.</u> at 8). In his reply brief, Marks arguably attempted to raise more claims by contending that his counsel at the district court level provided ineffective assistance when she incorrectly advised him that § 924(c) applied to him and, thus, his plea was involuntary. (<u>See</u> Doc. 416 at 9). He also argued that the factual resume he signed "never 'proves or states how' the firearm and the drugs are connected" with regard to his conviction under § 924(c)(1); and that his appellate counsel rendered ineffective assistance by filing an <u>Anders</u> brief without his consent and failing to find "the error within the factual resume that caused the chain reaction of errors that followed." (<u>Id.</u> at 10-11). As set forth herein, the undersigned finds that Marks's motion is untimely; thus, it is not necessary to address these arguments.

409).   Marks's § 2255 motion has been fully briefed and is now
ripe for review.

## II.   **HABEAS STANDARD**

The limited scope of habeas relief is well established, as
this Court has recognized:

> Collateral relief is an extraordinary remedy which "may
> not do service for a[ ] [direct] appeal." United States
> v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed.
> 2d 816 (1982); see also Lynn v. United States, 365 F.3d
> 1225, 1232 (11th Cir. 2004) ("Courts have long and
> consistently affirmed that a collateral challenge, such
> as a § 2255 motion, may not be a surrogate for a direct
> appeal."). A defendant who has waived or exhausted his
> right to appeal is presumed to stand "fairly and finally
> convicted." Frady, 456 U.S. at 164. Unless a claim
> alleges a lack of jurisdiction or constitutional error,
> the scope of collateral attack has remained extremely
> limited. United States v. Addonizio, 442 U.S. 178, 185,
> 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently,
> "[i]f issues are raised and considered on direct appeal,
> a defendant is thereafter precluded from urging the same
> issues in a later collateral attack. . . . A defendant
> is, of course, entitled to a hearing of his claims, but
> not to duplicate hearings. The appellate process does
> not permit reruns." Moore v. United States, 598 F.2d
> 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008
WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008).

## III.   **DISCUSSION**

### A.   **Johnson v. United States**, **Sessions v. Dimaya**, **and United States v. Davis** **are not applicable to this matter.**

As a preliminary matter, the United States Supreme Court's
holdings in Johnson and Dimaya, upon which Marks purports to rely,
have no bearing on his § 924(c) conviction. Section 924(c) imposes

a five-year mandatory consecutive term of imprisonment for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]" 18 U.S.C. § 924(c)(1). For purposes of the statute, the term "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." Id. at § 924(c)(2).

The term "crime of violence" is defined in § 924(c) as an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at § 924(c)(3)(A)-(B). Subsection (A) of § 924(c)(3) is commonly referred to as the "elements clause," while subsection (B) is known as the "residual clause."[6] Thompson v. United States, 924 F.3d 1153, 1155 (11th Cir. 2019).

---

[6] Subsections (A) and (B) of § 924(c)(3) are also sometimes referred to as the "use-of-force clause" and the "risk-of-force clause," respectively. See, e.g., Myrthil v. United States, 733 F. App'x 480, 481 (11th Cir. 2018) (per curiam).

In Johnson and Dimaya, the Supreme Court invalidated residual clauses with similar wording to the residual clause in § 924(c)(3)(B) on vagueness grounds.  In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), which defines the term "violent felony" and is set forth in 18 U.S.C. § 924(e), is unconstitutionally vague because it leaves "uncertainty about how to estimate the risk posed by a crime" and "about how much risk it takes for a crime to qualify as a violent felony."  576 U.S. at 597-98, 606.  The residual clause of the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The Johnson Court held that the imposition of an enhanced sentence under the ACCA's impermissibly vague residual clause violated the Constitution's guarantee of due process.  576 U.S. at 606.  In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is a substantive decision which has retroactive effect in cases on collateral review.  136 S. Ct. at 1265, 1268.

Almost three years after Johnson, the Supreme Court similarly held in Dimaya that the residual clause of 18 U.S.C. § 16(b), as incorporated by 8 U.S.C. § 1101(a)(43)(F), is void for vagueness and a violation of the Constitution's guarantee of due process.  Dimaya, 138 S. Ct. at 1210-11, 1223.  The residual clause of 18

U.S.C. § 16 defines a "crime of violence" as an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b). The Supreme Court held that the residual clause of § 16(b) failed for the same reasons the ACCA's residual clause failed in Johnson, stating that "[b]ecause the clause had both an ordinary-case requirement and an ill-defined risk threshold, it necessarily 'devolv[ed] into guesswork and intuition,' invited arbitrary enforcement, and failed to provide fair notice." Dimaya, 138 S. Ct. at 1223 (quoting Johnson, 576 U.S. at 600).

After Marks filed the instant habeas action, the Supreme Court held in United States v. Davis, 139 S. Ct. 2319 (June 24, 2019), that the definition of the term "crime of violence" set forth in the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.[7]  139 S. Ct. at 2336.  In so holding, the Supreme Court found "no material difference in the language or scope" of § 924(c)(3)(B)'s residual clause and the residual clause of 18 U.S.C. § 16 that was found unconstitutionally vague in Dimaya.  Id. at 2326.  They both "required courts 'to picture the kind of conduct that the crime involves in the ordinary case, and

---

[7] Although the Supreme Court had not yet decided Davis when Marks filed his § 2255 motion, Marks does cite Davis in his reply brief. (Doc. 416 at 2-3).

to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk.'" Id. (quoting Dimaya, 138 S. Ct. at 1216); see also In re Hammoud, 931 F.3d 1032, 1037-39 (11th Cir. 2019) (holding that Davis announced a new substantive rule of constitutional law retroactively applicable to cases on collateral review).

As noted *supra*, Marks contends that his conviction under § 924(c) is unconstitutional because "since his conviction[,] [it] has been ruled that the definitions in the law itself are unconstitutionally vague." (Doc. 403 at 4). However, Marks was charged with, pled guilty to, and was sentenced for possessing a firearm in furtherance of a *drug trafficking crime*, not a crime of violence. (See Doc. 1 at 4; Doc. 87 at 1-2, 15-16; Doc. 174 at 1; Doc. 232 at 19-21). Section 924(c)(2), which defines the term "drug trafficking crime" for the purposes of § 924(c), is nothing like the residual clauses found to be unconstitutionally vague in Johnson, Dimaya, and Davis. Indeed, § 924(c)(2) sets forth the specific felonies that constitute a drug trafficking crime, and it does not contain a residual clause. See Russaw v. United States, 2018 U.S. Dist. LEXIS 86469, at *13, 2018 WL 2337301, at *5 (N.D. Ala. May 23, 2018) (finding that Johnson and Dimaya have no effect on the definition of "drug trafficking crime" in § 924(c)(2), "which outlines specific offenses subject to classification as

9

drug trafficking crimes and contains no language analogous to the residual clause in § 924(e)(2)(B)").

Accordingly, neither <u>Johnson</u>, <u>Dimaya</u>, nor <u>Davis</u> cast any doubt on the constitutional validity of § 924(c)(2)'s definition of the term "drug trafficking crime." See <u>In re Baptiste</u>, 828 F.3d 1337, 1338 (11th Cir. 2016) ("Even if we assumed that the rule announced in <u>Johnson</u> encompassed the residual clause of § 924(c), . . . Baptiste would not be entitled to relief because his conviction for violating § 924(c) was based on a drug trafficking crime, not a crime of violence. . . . Because <u>Johnson</u> did not address the definition of a drug trafficking crime, Baptiste's reliance on that case is misplaced.") (quoting <u>In re Baptiste</u>, No. 16-12518-J, manuscript op. at 3-4 (11th Cir. June 15, 2016)); <u>Johnson v. United States</u>, 2016 U.S. Dist. LEXIS 103196, at *3, 2016 WL 4179995, at *1 (S.D. Ala. Aug. 5, 2016) ("<u>Johnson</u> has no impact on the definition of 'drug trafficking crime.' Therefore, even if <u>Johnson</u> were extended to the clause contained in § 924(c)(3)(B), this clause was not implicated in Petitioner's case."); <u>Henderson v. United States</u>, 2018 U.S. Dist. LEXIS 122707, at *20, 2018 WL 3536075, at *7 (S.D. Ga. July 23, 2018) ("Neither <u>Dimaya</u> nor <u>Johnson</u> calls into question the validity of convictions for possession of firearms in the furtherance of drug trafficking crimes."); <u>Pittman v. United States</u>, 2019 U.S. Dist. LEXIS 66334, at *3-4, 2019 WL 1745377, at *2 (M.D. Fla. Apr. 18, 2019) ("In

_United States v. Davis_, . . . the Supreme Court will decide the fate of § 924(c)(3)'s risk-of-force clause in light of _Johnson_ and _Dimaya_.   However, _Davis_ does not raise any questions about the validity of the terms 'drug trafficking crime' or 'serious drug offense.'"); cf. _Bell v. United States_, 688 F. App'x 593, 594-95 (11th Cir. 2017) (per curiam) ("The _Johnson_ decision did not affect the ACCA's definition of 'serious drug offenses.'").

Accordingly, Marks's reliance on _Johnson_ and _Dimaya_ (and _Davis_) is misplaced, as these cases have no implications as to his § 924(c) conviction for possessing a firearm in furtherance of a drug trafficking crime.

**B.   Marks's Claims are Time-Barred.**

**1.   Untimeliness.**

28 U.S.C. § 2255(f), which amended the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted *supra*, the Eleventh Circuit affirmed Marks's convictions and sentences on November 19, 2015. (Doc. 338). Thus, Marks's judgment of conviction became final on or about February 17, 2016, upon the expiration of the ninety-day period during which he was entitled to petition the Supreme Court for certiorari. See Kaufmann v. United States, 282 F.3d 1336, 1338-39 (11th Cir. 2002); see also Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (per curiam) (recognizing that Supreme Court Rule 13.3 "specifies that '[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)'"). However, Marks did not execute his original § 2255 motion until February 3, 2019, nearly three years later. (See Doc. 400 at 10). Thus, if § 2255(f)(1) applies to Marks's claims, his motion is untimely.

Marks asserts no facts that support the application of § 2255(f)(2) or § 2255(f)(4) to his primary claim. Instead, Marks appears to rely on § 2255(f)(3) in an effort to render his motion timely. (See Doc. 403 at 12). In this regard, Johnson affords

Marks no help, as his motion was filed more than one year after the Supreme Court issued its decision in that case, and more than one year after Welch made Johnson retroactively applicable to cases on collateral review.  Therefore, Marks apparently attempts to hitch his wagon to Dimaya, which was decided less than one year before the filing of the instant § 2255 motion.[8]

However, as outlined above, the holdings in Johnson and Dimaya (and Davis) have no relevance to Marks's conviction for possession of a firearm in furtherance of a *drug trafficking crime* under 18 U.S.C. § 924(c).  Consequently, Marks cannot use Dimaya or Johnson (or Davis) to bring his claim within the purview of § 2255(f)(3).  See Davis v. United States, 2020 U.S. Dist. LEXIS 154165, at *7, 2020 WL 5028222, at *3 (S.D. Ga. Aug. 25, 2020) ("Davis does not apply to Petitioner's conviction and therefore did not reset his one-year statute of limitations under § 2255(f)(3)."), report and recommendation adopted, 2020 U.S. Dist. LEXIS 172719, 2020 WL 5637076 (S.D. Ga. Sept. 21, 2020); Torres-Zaragoza v. United States, 2017 U.S. Dist. LEXIS 170604, at *4, 2017 WL 2901704, at

---

[8] The undersigned notes in passing that since Dimaya announced no new rule as to § 924(c), it is questionable whether it has any independent import with respect to Marks's case that Johnson had not already supplied.  See Goodwin v. United States, 2018 U.S. Dist. LEXIS 222706, at *5 n.6, 2018 WL 7625308, at *2 n.6 (S.D. Ala. Sept. 14, 2018), report and recommendation adopted, 2019 U.S. Dist. LEXIS 41433, 2019 WL 1207934 (S.D. Ala. Mar. 14, 2019).  Further, even if Dimaya does have import on its own, separate and apart from Johnson, Dimaya has not been made retroactively applicable to cases on collateral review.  See id.

*2 (N.D. Ga. Mar. 21, 2017) ("The movant's conviction under § 924(c) was based on a 'drug trafficking crime' as the predicate offense, not a 'crime of violence.' . . . Johnson obviously does not apply where, as here, the movant was convicted for a § 924(c) violation involving a drug trafficking crime that does not in any way invoke the residual clause. . . . Because the Johnson decision does not apply to the movant, he may not rely upon § 2255(f)(3) for statute of limitation purposes."); cf. Lewis v. United States, 2016 U.S. Dist. LEXIS 23137, at *4, 2016 WL 758322, at *1 (N.D. Ga. Jan. 22, 2016) ("Movant's sentence was based on 18 U.S.C. § 924(e)(2)(A), which concerns drug offenses, rather than § 924(e)(2)(B)(ii), and Johnson does not apply to him. . . . The undersigned concludes that § 2255(f)(3) does not apply to Movant."), report and recommendation adopted, 2016 U.S. Dist. LEXIS 22761, 2016 WL 739482 (N.D. Ga. Feb. 24, 2016).

Instead, § 2255(f)(1) provides the limitations period for Marks's vagueness challenge to his § 924(c) conviction. To the extent Marks's filings can be construed to raise additional claims challenging the sufficiency of the underlying evidence, the language in his indictment, the voluntariness of his guilty plea, or the performance of counsel at the district and appellate court levels, § 2255(f)(1) applies to those claims as well.[9]  Under §

---

[9] See Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (holding that "the statute of limitations in AEDPA applies on a claim-by-

2255(f)(1), Marks had one year from February 17, 2016 within which to file a § 2255 motion.  Thus, his motion, which was filed on February 3, 2019, is barred by the statute of limitations set forth in § 2255(f)(1), unless Marks can demonstrate that he is entitled to equitable tolling or another exception to the time bar.

### 2.   **Equitable Tolling.**

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f).  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam); see also Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that a similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling).  A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (citation omitted).  The burden of establishing entitlement to equitable tolling rests with the petitioner.  Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007).

Marks does not allege, much less demonstrate, his entitlement to equitable tolling of the limitations period for filing a § 2255 motion.  Therefore, equitable tolling is not appropriate in this case.

---

claim basis in a multiple trigger date case").

### 3.  **Actual Innocence.**

Before recommending dismissal based on untimeliness, the undersigned still must consider whether a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]"  See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (holding that actual innocence, if proved, serves as a gateway to review of claims barred by the expiration of the AEDPA's statute of limitations). To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (citations omitted).  The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  This "standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

In his reply brief, Marks arguably asserts that he is "in a sense, . . . innocent of the crime to which he plead guilty."  (See

Doc. 416 at 9).   However, at his guilty plea hearing, Marks acknowledged under oath that he had read and signed the plea agreement, which included a lengthy factual resume that set forth the elements and underlying details of the § 924(c) offense, and that he was pleading guilty because he was in fact guilty.   (See Doc. 232 at 10-12, 19-21).   Even in his § 2255 motion, Marks acknowledges that there were drugs and a firearm present when he was arrested. (Doc. 400 at 4, 7-8).  Marks presents no new evidence to support his innocence.   Furthermore, as discussed above, he has not shown that his § 924(c) conviction was based on an invalid predicate offense.   Therefore, the actual innocence exception does not save Marks's § 2255 motion from being untimely.

### 4.   Summary.

Under § 2255(f)(1), the limitations period for Marks to file a § 2255 motion challenging his convictions and sentences expired in February 2017.   Since Marks did not file the instant motion until February 2019 and has failed to demonstrate his entitlement to equitable tolling or his actual innocence, the undersigned recommends that the instant § 2255 motion be dismissed as time-barred pursuant to § 2255(f), and that judgment be entered in favor of the United States.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, without reaching the merits of an underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (citation and internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Marks's petition does not warrant the issuance of a certificate of appealability, as his petition is clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner and has failed to show actual innocence. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Marks should be allowed to proceed further. As a result, Marks is not entitled to a certificate of appealability and, consequently, he should not be permitted to proceed in forma pauperis on appeal.[10]

---

[10] An in forma pauperis action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

## V. __CONCLUSION__

For the foregoing reasons, it is recommended that Petitioner Jeffery Scott Marks's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docs. 400, 403) be **DISMISSED with prejudice** as time-barred. It is further recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Jeffery Scott Marks. The undersigned further submits that Marks is not entitled to the issuance of a certificate of appealability and is not entitled to proceed *in forma pauperis* on appeal.

## __NOTICE OF RIGHT TO FILE OBJECTIONS__

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

appeal for failing to object.   In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **11th** day of **May, 2021.**

                            _____/s/ SONJA F. BIVINS_____
                            **UNITED STATES MAGISTRATE JUDGE**